**SIGNED.**

**Dated: December 19, 2008**



_James M. Marlar_
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JOHN J. BANKS, | ) | No. 4-07-bk-01119-JMM |
| | ) | |
| Debtor. | ) | **MEMORANDUM DECISION** |

## INTRODUCTION

Currently before the court is an $8.00 problem, for which the Debtor seeks $10,000. Aside from the obvious problems of the State's sovereign immunity, the disproportionate amount of the award requested, and the lack of any showing of actual damages other than the $8.00, the Debtor seeks to reopen his now-closed bankruptcy case. The court need not reopen, however, to deal with this issue. _In re Menk_, 241 B.R. 896 (9th Cir. BAP 1999).

The Debtor, on or about November 24, 2008 filed a document with this court styled:

    1.    Motion to Reopen Case and Hold Debtors (sic) in Contempt;[1] and

    2.    Motion for Change of Judge/Impose Sanctions.

The essence of the pleading is that the Debtor maintains that the State of Arizona has withheld $8.00 out of his inmate fund, and applied such money to a discharged pre-petition debt. He maintains that this violates the discharge injunction of 11 U.S.C. § 524.

---

[1]    Presumably, the Debtor meant "creditor."

# BACKGROUND

## A.    The Administrative Case

The Debtor is incarcerated in the State of Arizona.

On June 20, 2007, he filed a chapter 7 bankruptcy proceeding, and on January 8, 2008, received a discharge of applicable pre-petition debts. His case was closed on or about November 12, 2008.

## B.    The First Motion for Contempt

On July 12, 2007, the Debtor filed a motion seeking to hold the State in contempt for not allowing him to make sufficient copies for filing with this court.

On July 24, 2008, the court satisfied that minor problem by noting that this court would do so on his behalf, as long as he did not overburden the court (Dkt. #17).

That action mooted the Debtor's request.

## C.    The Second Motion for Contempt

On March 19, 2008, the Debtor filed a pleading (Dkt. #36) which again sought to hold the State of Arizona in contempt, for issues involving clothing, a religious medal, and for its having applied/offset the Debtor's inmate account for debts to the State, which were pre-petition. The State responded.

On April 28, 2008, this court ruled that, as to the medal and clothing issues, those requests contained no bankruptcy issues and were beyond the scope of the court's jurisdiction. As for the Debtor's concern that a pre-petition debt had been paid from the Debtor's account, the State acknowledged the error, and re-credited the Debtor's account. That rendered the motion moot (Dkts. ##43 and 44).

**D.**    **The Third Motion for Contempt**

On June 30, 2008 (Dkt. #49), the Debtor filed his third contempt action against the State, once more complaining that discharged obligations were being paid out of the Debtor's inmate account on account of pre-petition debts owed to the State. That motion was supplemented by the Debtor on August 8, 2008 (Dkt. #59).

The State again responded, supporting its position with evidence, and argued that it had taken no illegal action (Dkts. ##56, 57, 58 and 62). The Debtor's response (Dkt. #63) did not deal with the State's proffered evidence on the merits, with facts, and the Debtor's third motion was dismissed (Dkts. #69 and #70).

**E.**    **The Fourth Motion for Contempt**

The foregoing discussion brings us up to date. The Debtor's case was closed on November 12, 2008.

The Debtor now asks the court to reopen his case so that he can:

1.    Apply for contempt, against the State, on new charges, and

2.    Change the judge.

The motion for change of judge will, once again, be denied. No reasons of bias or prejudice requires such action. 28 U.S.C. § 455. (*See* Dkt. #80, where this previous request was denied on November 24, 2008. Nothing has changed since.)

The Debtor's current motion, in the only new, specific, fact-based allegation, contends:

- That on November 19, 2008, Marianne Banks deposited $40.00 into the Debtor's inmate account.

- That the State offset $8.00 "to pay State filing fees."

For this grievance, if true, the Debtor contends that this court should assess contempt sanctions against the State of $10,000.00 (Ten Thousand Dollars).

First, this court must find out, from the State, what its legal and factual position is.

3

**RULING**

An order will be entered which requires the State to explain the $8.00 deduction, which occurred on or after November 19, 2008. Such explanation shall be due, in an admissable form, on or before January 20, 2009. If the Debtor is correct, the State should re-credit his account and flag his file to avoid these situations in the future. Thereafter, the court will rule.

DATED AND SIGNED ABOVE.

COPIES to be served by the Bankruptcy Noticing Center ("BNC") upon:

John J. Banks, Debtor

Stanley J. Kartchner, Trustee

Fred W. Stork III
Office of the Arizona Attorney General
1275 W. Washington
Phoenix, AZ 85007-2997

Office of the United States Trustee