**SIGNED.**

Dated: January 13, 2009



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JOHN J. BANKS, | No. 4-07-bk-01119-JMM |
| Debtor. | **MEMORANDUM DECISION** |

The Debtor has filed a document entitled "Motion Requesting Chief Judge to Hold Hearing" (Dkt. #90). In it, he essentially argues that previous rulings of this court reflect bias on the part of the judge assigned to this case. These arguments again present recusal issues, not requiring a change of judge unless the court to which a case is assigned feels that a bias or prejudice exists, for one of the enumerated reasons set forth in 28 U.S.C. § 455. There is no need to refer this matter to another judge simply because the Debtor is dissatisfied with this court.

The court has addressed, on a prior occasion, the Debtor's request for recusal, and has denied it. (*See* Dkt. #80, Order denying motion to disqualify.) It appears from the pleadings that the sole basis for urging recusal is a dissatisfaction with the results which the Debtor obtained in contested matters before the court. In addition, it now appears that re-urging a motion which has previously been denied (and not appealed) is becoming frivolous litigation. Such type of litigation is time-consuming, vexatious, and burdens the court system with deciding such matters, at the expense of hearing other cases from other deserving litigants.

It should be noted that every pleading filed by the Debtor herein has received considered thought and attention. In fact, the most current issue before the court (which awaits a

response from the State of Arizona on January 20, 2009), involves the Debtor's grievance over an $8 concern. It will be decided when all pleadings are finally filed.

For now, the Debtor again seeks removal of this judge. His basis amounts to nothing more than frustration with the court's previous rulings. On this type of issue, the United States Supreme Court has noted:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias of partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration--even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune.

*Liteky v. United States,* 510 U.S. 540, 555-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

Because the Debtor has set forth no legitimate factual or legal bases for recusal, that request must again be denied. An order to that effect will be entered. Additionally, this court will also order that no such motions shall be filed in the future (concerning recusal). If they are filed, they will not be acted upon, nor considered. This order will be a final order on the recusal issue. If the Debtor feels aggrieved thereby, he has the right to appeal that order within ten days. FED. R. BANKR. P. 8002.

Nor will this matter be assigned to the Chief Bankruptcy Judge for consideration. The instant request is undeserving of such an extraordinary call upon the resources of this court.

The Debtor's bankruptcy case has been fully administered, and he has received a discharge, which is all the relief that this court can offer. His case has been closed. The only remaining issue over the $8 problem will be decided shortly. Once that is decided, this Debtor should consider taking any further grievances to another forum, and consider his foray into the

1 | bankruptcy court to have been successfully concluded by the granting of a discharge on January 8,
2 | 2008 (Dkt. #32).

DATED AND SIGNED ABOVE.

COPIES to be served by the Bankruptcy Noticing
Center ("BNC") upon:

John J. Banks, Debtor

Stanley J. Kartchner, Trustee

Office of the United States Trustee